UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV-25-08425-AGR                                                    Date: November 3, 2025

Title     Jose Luis Luis Brindas-Puga v. General Motors, LLC., et. al.

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

|  K. Lozada  | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings: (In Chambers) ORDER RE: PLAINTIFF'S MOTION TO REMAND (Dkt. No. 13)**

On September 5, 2025, Defendant General Motors, LLC ("GM") removed this action from Superior Court on the basis of diversity of citizenship. (Dkt. No. 1.)

Plaintiff Mr. Brindas-Puga ("Plaintiff") filed a motion to remand this action to Superior Court. (Dkt. No. 13.) GM filed an opposition. (Dkt. No. 15.) Plaintiff filed a reply. (Dkt. No. 16.) The motion is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

Plaintiff contends that GM's notice of removal was untimely. Plaintiff's argument is without merit.

First, Plaintiff argues that the complaint contains a cause of action under the federal Magnuson-Moss Warranty Act ("MMWA"). "Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022). Plaintiff concedes that his complaint does not allege a specific dollar amount in controversy. (Motion at 6.) In the reply brief, Plaintiff argues that GM could have conducted its own investigation and figured out whether the $50,000 amount in controversy threshold would be met based on remedies available to Plaintiff under the MMWA. However, the Ninth Circuit has "declined to hold that materials outside the complaint start the thirty-day clock." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). The removing defendant is "not obligated to supply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-25-08425-AGR                                                                 Date: November 3, 2025

Title       Jose Luis Luis Brindas-Puga v. General Motors, LLC., et. al.

information which [Plaintiff] has omitted." *Id.* The Ninth Circuit explained: "[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin. Thus, [Plaintiff] is incorrect in asserting that because BMW *could have* ventured beyond the pleadings to demonstrate removability *initially* . . . it was therefore *obligated* to do so." *Id.* at 1141 n.3 (emphasis in original); *Revollar v. GM LLC*, 2025 U.S. Dist. LEXIS 214589, *5 (C.D. Cal. Oct. 30, 2025) ("A defendant has no obligation to kick-start its removal window by making investigatory efforts outside the face of the complaint.").[1]

Second, Plaintiff argues that the complaint clearly alleged that Plaintiff is a resident of California for purposes of diversity of citizenship. Allegation of residency, however, is insufficient for diversity of citizenship. "[T]he diversity of citizenship statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. [Citation omitted.] A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Allegation of residency in Plaintiff's complaint is insufficient and the same allegation in a notice of removal would have been deficient. *Id.* at 858; *Revollar*, 2025 U.S. Dist. LEXIS 214589, *4 (same). As discussed above, the face of the complaint does not allege the jurisdictional minimum amount necessary for diversity of citizenship. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); *Larch-Miller v. GM, LLC*, 2025 U.S. Dist. LEXIS 215221, *7-*8 (C.D. Cal. Oct. 30, 2025) (collecting cases in this district).

Alternatively (and in seeming contradiction to his argument under untimeliness), Plaintiff contends that GM has not established the jurisdictional minimum for purposes of diversity jurisdiction. GM objects that the parties have not conferred on this issue as required by Local Rule 7-3. The court may decline to consider Plaintiff's argument on that basis alone. Local Rule 7-4; *Revollar*, 2025 U.S. Dist. LEXIS 214589, *3 (declining to consider Plaintiff's alternative argument under these circumstances).

---

[1] Although Plaintiff's motion argues that he purchased a new vehicle, the complaint alleges that he leased the vehicle.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-25-08425-AGR                                                              Date: November 3, 2025

Title      Jose Luis Luis Brindas-Puga v. General Motors, LLC., et. al.

     Moreover, GM has satisfied its burden to show, by a preponderance of the evidence, the existence of diversity jurisdiction.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (applying preponderance of the evidence standard when, as here, "complaint fails to allege a sufficiently specific total amount in controversy").  Plaintiff has not challenged GM's showing as to Plaintiff's citizenship.  (Notice, Dkt. No. 1 at 3; Reply.)  Absent a factual challenge, GM is not required to provide additional evidence of Plaintiff's citizenship.  *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).  The complaint alleges three categories of monetary relief:  (1) damages; (2) civil penalties; and (3) attorneys fees.  In the Notice of Removal, GM estimated actual damages of $56,214.74 based on a lease price of $61,819.32 minus $5,604.58 in deductions for mileage offset, third party service contracts, manufacturer's rebate and negative equity.  (Notice, Dkt. No. 1 at 5.)  In its opposition to Plaintiff's motion, GM estimates the actual damages to be $63,876.54 in reliance on Plaintiff's lease contract, repair history, and Plaintiff's payment history.  (Opp. at 17; Exh. A to Fitch Decl. (48-month lease agreement); Exh. B to Fitch Decl. (repair history); Exh. C to Fitch Decl. (payment history of 41 monthly payments).)  Plaintiff's reply brief does not address this evidence.  The court concludes that GM has reasonably calculated damages for purposes of diversity jurisdiction.  *Larch-Miller*, 2025 U.S. Dist. LEXIS 215221, *9-*10.

     Based on records showing the subject vehicle was presented for repair three times, GM's counsel states that in his experience, plaintiffs with multiple repair attempts pursue civil penalties.  (Fitch Decl. ¶ 5.)  Plaintiff does not address this evidence.  Given the reasonable estimate of $63,876.54 above, civil penalties of $11,123.47 would be sufficient to exceed the jurisdiction minimum for purposes of diversity jurisdiction.  Applying the maximum requested (2x damages), however, the amount in controversy would amount to $191,629.62 (actual damages of $63,876.54 plus civil penalties of twice that amount, $127,753.08).  *E.g.*, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (finding defendant was on notice of removability by plaintiff's estimate of $4.5 in unpaid wages plus $5 million in civil penalties for purposes of Class Action Fairness Act); *Larch-Miller*, 2025 U.S. Dist. LEXIS 215221, *10-*11 (considering civil penalties of 2x damages in determining diversity jurisdiction in Song-Beverly Act case).  Finally, the Notice of Removal reasonably included attorneys fees of $5,000 taking into account Plaintiff counsel's billing rate of $450 per hour and billing history.  (Opp. at 18 (citing request for attorneys fees of $2,826 for one motion in Yang Decl. ¶¶ 11-12 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV-25-08425-AGR | Date: November 3, 2025 |
| Title  Jose Luis Luis Brindas-Puga v. General Motors, LLC., et. al. | |

*Gonzalez v. GM, LLC*, 2025 U.S. Dist. LEXIS 174909 (C.D. Cal. Sept. 8, 2025))[2]; *Larch-Miller*, 2025 U.S. Dist. LEXIS 215221, *11 (accepting $15,000 as reasonable estimate of attorneys fees based on court's experience in Song Beverly Act cases).

For all of the foregoing reasons, Plaintiff's motion to remand is DENIED.

**Initials of Preparer**  kl

---

[2] Taking into account $5000 in attorneys fees, civil penalties of $6,123.47 would be sufficient to exceed the jurisdictional minimum for diversity jurisdiction.